KEVIN V. RYAN (CSBN 118321)
United States Attorney

EUMI L. CHOI (WVBN 0722)
Chief, Criminal Division

PATRICIA J. KENNEY (CSBN 130238)
Assistant United States Attorney

   450 Golden Gate Avenue
   San Francisco, CA 94102
   Telephone: 415.436.6857
   Facsimile:   415.436.6748
   Email: patricia.kenney@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                  Plaintiff,<br><br>     v.<br><br>$79,320 IN UNITED STATES CURRENCY,<br>                  Defendant.<br><br>CONRAD GOEHAUSEN,<br>                  Claimant. | No. 05- -4068 BZ<br><br>JOINT CASE MANAGEMENT STATEMENT AND STIPULATED ORDER STAYING CASE UNTIL FURTHER NOTICE<br><br>Date: January 9, 2006<br>Time: 4:00 p.m.<br>Place: Courtroom G, 15th Floor<br>        450 Golden Gate Ave.<br>        San Francisco, CA 94102 |

**The parties to the above entitled action jointly submit this Joint Case Management Statement and proposed Order and request the Court to adopt it as its Case Management Order in this case.** [1]

---

[1] Please note that the United States filed a Notice of Related Forfeiture Cases on December 19, 2005 which the Court has not yet acted upon. The United States asserts, and Claimant Conrad Goehausen agrees, that the instant case arises out of the same search as *United States v. Real Property Located at 6 Redwood Drive, San Rafael, California, etc.,* No. C 05-4359 MEJ and therefore both cases should be before the same judge.

**DESCRIPTION OF THE CASE**

**1.     A brief description of the events underlying the actions:**

The complaint in the above case arises out of the search of 6 Redwood Drive, San Rafael, California on or about March 25, 2005 during which Defendant $79,320 was located and seized. *See* Complaint for Forfeiture ("Complaint"), filed October 7, 2005; Verified Statement of Conrad Goehausen, filed November 16, 2005; Answer of Claimant [Conrad Goehausen] to Plaintiff's Complaint for Forfeiture ("Answer"), filed December 5, 2005.

The United States alleges that, on that date, at about 5:50 a.m., a person delivering newspapers witnessed two masked subjects carrying partially full garbage bags exit 6 Redwood Drive, San Rafael, California and leave the location at a high rate of speed in a pick up truck. *See* Complaint.  The witness reported the incident to the San Rafael Police Department which dispatched two uniformed officers, Officer Shikore and Officer Drolla, to investigate. *Id.*

When the officers arrived at 6 Redwood Drive, they knocked and then rang the door bell two or three times, but no one answered. *See* Complaint.  About 30 to 45 seconds later, the officers could see through the glass paneled door that there was a woman, who later identified herself as Victoria Bendix, in the living room at the end of the hallway with her son. *Id.*  When Bendix shouted "Can I see your ID?" she seemed frightened and distressed. *Id.*  When Bendix came to the door, the officers asked if everything was alright because a witness had reported two masked subjects had left the residence carrying black garbage bags and left in a pickup truck at high speed. *Id.*  Bendix denied seeing anyone, but reported hearing voices in front of her house and reported seeing the pickup truck drive by. *Id.*  Bendix appeared nervous, evasive and gave short answers. *Id.*  Bendix asked no questions about the report and appeared unconcerned at the report of the two masked men fleeing. *Id.*  Bendix said she had lived there for four years and that her husband, Conrad Goehausen, was in Tahoe. *Id.*

As the officers left the residence, they found a clear plastic bag of what appeared to be marijuana. *Id.*  Officer Drolla reported the interview with Bendix and the finding of the bag of marijuana to Officer Vergara who directed the officers to return and make contact again with Bendix because Officer Vergara believed that Bendix may have been the victim of a drug

robbery. *Id.* Officer Vergara responded to the scene as well. *Id.* Upon speaking with Bendix further, considering her demeanor, the strong smell of marijuana emanating from the residence and the totality of the circumstances as described in the complaints for forfeiture, the officers obtained a search warrant for 6 Redwood Drive. *Id.*

During the search, the officers found a large marijuana growing operation within the residence and seized over 1400 marijuana plants; approximately 17 pounds of processed, dried marijuana; defendant $77,320 in cash; and indicia of a marijuana cultivation operation. *Id.* Specifically, the officers found and seized approximately 1439 marijuana plants being actively cultivated from the garage; $50,000 (consisting of ten bundles of $5,000 each) hidden in a hamper of dirty laundry in bedroom #1; $27,000 (consisting of five bundles of $5,000 each and a sixth bundle of $2,000) in a small safe in bedroom #4; $2,320 in a wooden box along with 50 doses of a substance which tested positive for LSD in the office;17 pounds of dried, processed marijuana in clear plastic bags in the office. *Id.* The officers also found other indicia that a marijuana cultivation operation at defendant 6 Redwood Drive had been ongoing for a minimum of several months to a year, and probably for more years. *Id.*

During the search, law enforcement officers found in the kitchen a checkbook for Wells Fargo Bank account 029-7492050 in the name of Conrad Goehausen at 6 Redwood Drive. *Id.* The register of that check book had handwritten notes that deposits were being made regularly in the amount of $5,000 – the identical amount of each of the bundles of cash, some of which had been secreted in the dirty laundry and others found in the bedroom safe. *Id.* Law enforcement officers also found and seized four receipts from Wells Fargo for cash deposits of $5,000 each dated 3/10/05, 3/15/05, 3/22/05 and 3/24/05. *Id.* Another checkbook was found and seized during the search for Bank of America account number 0182914411 in the name of Conrad Goehausen and Victoria Bendix-Goehausen at 6 Redwood Drive. *Id.* This checkbook also had similar deposits noted in the check register. *Id.*

Pursuant to a state law, law enforcement officers seized approximately $26,637.93 from Wells Fargo account number 029-7492050 and approximately $20,708.18 from Bank of America account number 0182914411. *Id.* Thirteen deposits of $5,000 each were made in the Wells

1  Fargo account of Conrad Goehausen for the three month period from December 17, 2004
2  through March 24, 2005.  *Id.*  Eleven deposits of $5,000 each and two deposits of slightly more
3  than $5,000 were made into the account of Conrad Goehausen and Victoria Bendix-Goehausen
4  during the same period from December 17, 2004 through March 24, 2005.  *Id.*  Pairs of deposits
5  were made on the same dates, one into the Wells Fargo account and the other into the Bank of
6  America account:

| Date | Wells Fargo | Bank of America |
|---|---|---|
| 12/17/04 | $5,000 | $5,000 |
| 01/05/05 | $5,000 | $5,046.49 |
| 01/11/05 | $5,000 | $5,000 |
| 01/26/05 | $5,000 | $5,000 |
| 01/28/05 | $5,000 | $5,000 |
| 02/02/05 | $5,000 | $5,000 |
| 02/10/05 | $5,000 | $5,035 |
| 02/17/05 | $5,000 | $5,000 |
| 03/07/05 | $5,000 | $5,000 |
| 03/10/05 | $5,000 | $5,000 |
| 03/15/05 | $5,000 | $5,000 |
| 03/22/05 | $5,000 | $5,000 |
| 03/24/05 | $5,000 | $5,000 |

15  Financial institutions, such as Wells Fargo and Bank of America, are required to issue a
16  Currency Transaction Report, also known as a CTR, to the United States Internal Revenue
17  Service when a deposit is made of $10,000 or more.  *Id.*  Deposits on thirteen separate dates were
18  structured into two accounts of Conrad Goehausen and Victoria Goehausen by depositing $5,000
19  in each account to avoid triggering the CTR requirement at either Wells Fargo and Bank of
20  America and thereby to evade the reporting requirement.  *Id.*

21  Claimant Conrad Goehausen does not concede any of the allegations of the United States
22  and have demanded a jury trial.  *See* Answer.  Further, claimant contends that the initial entry
23  and search of 6 Redwood Drive was done without consent and without a search warrant in
24  violation of the Fourth Amendment to the United States Constitution.  As such, claimant
25  contends that the evidence in this case must be suppressed as the fruit of an unreasonable search
26  and seizure under the Fourth Amendment.

27  The United States contends that the initial search was lawful, *inter alia*, because the
28  police officers reasonably believed there was criminal activity occurring at 6 Redwood Drive

Joint Case Mgmt. Stmt.
C 05-4068 BZ                                         4

under the totality of the circumstances when they conducted the initial protective sweep and, in addition, they had independent reason to believe that there was an active marijuana grow at 6 Redwood Drive which required them to secure the premises so that evidence of that unlawful activity would not be destroyed while other police officers were obtaining a search warrant.

Victoria Bendix Goehausen and Conrad Goehausen were both arrested and charged with violating California Health and Safety Code §§ 11358 (unauthorized cultivation, harvesting or processing of marijuana) and 11359 (possession of marijuana for sale).  *Id.*

**2.   The principal factual issues which the parties dispute:**

Whether defendant $79,320 is money furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of Subchapter I, Chapter 13 of Title 21 United States Code, is proceeds traceable to such an exchange or was used or intended to be used to facilitate any violation of Subchapter I, Chapter 13 of Title 21 United States Code.  21 U.S.C. § 881(a)(6).

**3.   The principal legal issues which the parties dispute:**

   **a.**   Whether defendant $79,320 is subject to forfeiture under 21 U.S.C. § 881(a)(6).

   **b.**   Whether, as Claimant contends, defendant $79,320 was seized during an unlawful search in violation of the Fourth Amendment; or whether, as the United States contends, the initial sweep lawfully secured the premises and avoided destruction of evidence at 6 Redwood Drive while a search warrant was being obtained.

**4.   The other factual issues [*e.g., service of process, personal jurisdiction, subject matter jurisdiction or venue*] which remain unresolved for the reason stated below and how the parties propose to resolve those issues:**

There are no other factual issues.

**5.   The parties which have not been served and the reasons:**

Not applicable.

**6.   The additional parties which the below-specified parties intend to join and the intended time frame for such joinder.**

Not applicable.

Joint Case Mgmt. Stmt.
C 05-4068 BZ                    5

**7.     The following parties consent to assignment of this case to a United Staes Magistrate Judge for *[court or jury]* trial.**

The United States filed its consent to proceed before this Magistrate Judge on November 28, 2005, and Claimant Conrad Goehausen filed his consent on November 21, 2005.

### ALTERNATE DISPUTE RESOLUTION

**8.     The parties, subject to the Court's approval, stipulate to mediation, but respectfully submit that going forward with this case at this time is premature.**

The parties agree, subject to the Court's approval, this action should be stayed for at least a six month period. 18 U.S.C. § 981(g). Conrad Goehausen is currently the target of a criminal investigation. Conrad Goehausen asserts a right to defend defendant $79,320 which was seized from his residence at 6 Redwood Drive, San Rafael, California. Under the Civil Asset Forfeiture Reform Act, courts are authorized to stay a civil forfeiture action if (1) civil discovery will adversely affect the ability of the government to conduct a related criminal investigation or the prosecution of a related criminal case or (2) if moving forward with the civil case would burden the right against self-incrimination of the claimant, who is also a subject of a related criminal investigation and has standing to assert an interest in defendant $79,320. 18 U.S.C. § 981(g)(1) and (2).

**9.     Please indicate any other information regarding ADR process or deadline:**

Not applicable.

**10.    The parties certify that they have made the following disclosures *[list of persons, documents, damage computation and insurance agreements]*.**

Because the United States and Claimant agree that discovery would be premature, neither the United States nor claimant Conrad Goehausen have made initial disclosures.

**11.    The parties agree to the following discovery plan *[Describe the plan, e.g., any limitation on the number, duration or subject matter for various kinds of discovery; discovery from experts; deadlines for completing discovery.]*:**

Because the United States and Claimant Goehausen agree that discovery would be premature, neither the United States nor claimant Conrad Goehausen have agreed upon a discovery plan.

**12.     The parties request a trial date as follows:**

Because the United States and Claimant Goehausen agree that discovery at this time would be premature, they also concur that setting a trial would also be premature.

**13.     The parties expect that the trial will last for the following number of days:**

*See* response to No. 12 above.

IT IS SO STIPULATED:                    KEVIN V. RYAN
                                        United States Attorney


Dated: December __, 2005
                                        _____
                                        PATRICIA J. KENNEY
                                        Assistant United States Attorney
                                        Attorneys for the United States


Dated: December __, 2005
                                        _____
                                        J. TONY SERRA
                                        ANNA LING
                                        GABRIEL CASWELL
                                        506 Broadway
                                        San Francisco, CA 94133
                                        Attorneys for Claimant Conrad Goehausen


PURSUANT TO THE FORGOING STIPULATION, IT IS BY THE COURT ON THIS __29th__ DAY OF __December__, 200_5_, ORDERED THAT THE ABOVE ACTION BE, AND HEREBY IS, STAYED UNTIL FURTHER ORDER OF THIS COURT AND, AS A CONSEQUENCE, THE CASE MANAGEMENT CONFERENCE SCHEDULED FOR JANUARY 9, 2006 BE, AND HEREBY IS, TAKEN OFF CALENDAR.

The CMC is continued to August 28, 2006, at 4:00 p.m.

                                        _____
                                        HONORABLE BERNARD ZIMMERMAN
                                        United States Magistrate Judge